IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EDWARD REYNOLDS, on behalf of himself and others similarly situated, )<br>)<br>)<br>PLAINTIFF, )<br>)<br>vs. )<br>)<br>GREENWAY HOME SERVICES, LLC, )<br>)<br>DEFENDANT. ) | Case NO.: 2:11-cv-02533-JPM-cgc |

**ANSWER**

Defendant Greenway Home Services, LLC (hereinafter referred to as "Defendant" or "GHS"), by and through its counsel does hereby respond to Plaintiff's Complaint as follows:

1. Defendant admits that Plaintiff has brought his action under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et. seq*. Defendant denies the remainder of the allegations contained in paragraph 1 of the Complaint and demands strict proof thereof.

**JURISDICTION AND VENUE**

2. Defendant admits the allegations of paragraph 2 of the Complaint.

3. Defendant admits the allegations of paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

**PARTIES**

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

2.

6. As to the allegations brought in paragraph 6 of the Complaint, Defendant admits that Plaintiff is a former employee of GHS. Defendant denies the remaining allegations contained in paragraph 6 of the Complaint and demands strict proof thereof.

**FACTUAL BACKGROUND**

7. The allegations contained in paragraph 7 of the Complaint call for a legal conclusion to which no response is necessary. However, to the extent a response is required, Defendant denies that it has violated the Fair Labor Standards Act, and demands strict proof thereof.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint and demands strict proof thereof.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint and demands strict proof thereof.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint and demands strict proof thereof.

12. The allegations contained in paragraph 12 of the Complaint call for a legal conclusion to which no response is necessary. However, to the extent a response is required, Defendant denies that it has violated the Fair Labor Standards Act, and demands strict proof thereof.

13. The allegations contained in paragraph 13 of the Complaint call for a legal conclusion to which no response is necessary. However, to the extent a response is required,

Defendant denies that it has violated the Fair Labor Standards Act, and demands strict proof thereof.

14.     The allegations contained in paragraph 14 of the Complaint call for a legal conclusion to which no response is necessary.  However, to the extent a response is required, Defendant denies that it has violated the Fair Labor Standards Act, and demands strict proof thereof.

15.     The allegations contained in paragraph 15 of the Complaint call for a legal conclusion to which no response is necessary.  By way of further answer, Defendant objects to this paragraph as vague.  However, to the extent a response is required and to the extent Defendant understands the allegations contained in this paragraph, Defendant denies that it violated the Fair Labor Standards Act and demands strict proof thereof.

## COLLECTIVE ACTION ALLEGATIONS

16.     Defendant hereby incorporates by reference its responses to paragraphs 1 through 15 above as though fully set forth herein

17.     The allegations contained in paragraph 17 of the Complaint call for a legal conclusion to which no response is necessary.  However, to the extent a response is required, Defendant denies that it has violated the Fair Labor Standards Act and denies that a collective action is appropriate.

18.     The allegations contained in paragraph 18 of the Complaint call for a legal conclusion to which no response is necessary.  However, to the extent a response is required, Defendant denies that it has violated the Fair Labor Standards Act and denies that a collective action is appropriate.

19. The allegations contained in paragraph 19 of the Complaint call for a legal conclusion to which no response is necessary. However, to the extent a response is required, Defendant denies that it has violated the Fair Labor Standards Act and denies that a collective action is appropriate.

20. The allegations contained in paragraph 20 of the Complaint call for a legal conclusion to which no response is necessary. However, to the extent a response is required, Defendant denies that it has violated the Fair Labor Standards Act and denies that a collective action is appropriate.

21. The allegations contained in paragraph 21 of the Complaint call for a legal conclusion to which no response is necessary. However, to the extent a response is required, Defendant denies that it has violated the Fair Labor Standards Act and denies that a collective action is appropriate.

22. The allegations contained in paragraph 22 of the Complaint call for a legal conclusion to which no response is necessary. However, to the extent a response is required, Defendant denies that it has violated the Fair Labor Standards Act and denies that a collective action is appropriate. Defendant likewise denies that Plaintiff or any other others have suffered irreparable damage as a result of any pay policy, practice or custom of Defendant.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint, and demands strict proof thereof.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint, and demands strict proof thereof.

25.     Defendant denies the allegations contained in paragraph 25 of the Complaint, and demands strict proof thereof.

**COLLECTIVE ACTION CLAIMS**

26.     Defendant hereby incorporates by reference its responses to paragraphs 1 through 25 above as though fully set forth herein.

27.     The allegations contained in paragraph 27 of the Complaint call for a legal conclusion to which no response is necessary.  However, to the extent a response is required, Defendant admits that it is an employer engaged in interstate commerce as defined by the Fair Labor Standards Act.  As to the remaining allegations contained within paragraph 27 of the Complaint, Defendant denies that it has violated the Fair Labor Standards Act, and demands strict proof thereof.

28.     The allegations contained in paragraph 28 of the Complaint call for a legal conclusion to which no response is necessary.  However, to the extent a response is required, Defendant admits that it is an employer as defined by the Fair Labor Standards Act.  As to the remaining allegations contained within paragraph 28 of the Complaint, Defendant denies that it has violated the Fair Labor Standards Act, and demands strict proof thereof.

29.     The allegations contained in paragraph 29 of the Complaint call for a legal conclusion to which no response is necessary.  However, to the extent a response is required, Defendant denies that it has violated the Fair Labor Standards Act, and demands strict proof thereof.

30.     The allegations contained in paragraph 30 of the Complaint call for a legal conclusion to which no response is necessary.  However, to the extent a response is required,

Defendant denies that it has violated the Fair Labor Standards Act, and demands strict proof thereof.

31. The allegations contained in paragraph 31 of the Complaint call for a legal conclusion to which no response is necessary. However, to the extent a response is required, Defendant denies that it has violated the Fair Labor Standards Act, and demands strict proof thereof.

32. The allegations contained in paragraph 32 of the Complaint call for a legal conclusion to which no response is necessary. However, to the extent a response is required, Defendant denies that it has violated the Fair Labor Standards Act, and demands strict proof thereof.

33. Defendant denies that it has violated the Fair Labor Standards Act and denies that Plaintiff is entitled, from this Defendant, to any damages, judgment, fees, costs or any other relief as requested by Plaintiff in the WHEREFORE paragraph of his Complaint.

34. All allegations not heretofore admitted, explained or specifically denied, are hereby denied.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof or persuasion, Defendant alleges that Plaintiff's Complaint, and each cause of action alleged therein, is subject to the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Cause of Action)**

1. As a first separate and affirmative defense, Defendant alleges that the Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
**(No Employment Relationship)**

2. As a second separate and affirmative defense, Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred because Plaintiff is not an employee within the meaning of the Fair Labor Standards Act.

**THIRD AFFIRMATIVE DEFENSE**
**(Exempt Employee)**

3. As a third separate and affirmative defense, Defendant alleges that Plaintiff was an exempt employee and therefore not entitled to overtime compensation as alleged in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

4. As a fourth separate and affirmative defense, Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred by the applicable statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**
**(Non Covered Employment)**

5. As a fifth separate and affirmative defense, Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred because Plaintiff was not an employee entitled to overtime under the provisions of the Fair Labor Standards Act.

**SIXTH AFFIRMATIVE DEFENSE**
**(Offset)**

6. As a sixth separate and affirmative defense, and without conceding that any act of the Defendant caused damage to Plaintiff in any respect, Defendant is entitled to offset and

## SEVENTH AFFIRMATIVE DEFENSE
(Unclean Hands)

7. As a seventh separate and affirmative defense, Defendant alleges that Plaintiff's Complaint, and each purported cause of action contained therein, is barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE
(Waiver)

8. As an eighth separate and affirmative defense, Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE
(Reservation of Rights)

9. Defendant reserves its right to assert additional affirmative defenses in the event discovery reveals that additional affirmative defenses are available to Defendant.

WHEREFORE, Defendant respectfully requests that that the Court dismiss the Complaint in full and with prejudice, with costs and reasonable attorneys' fees taxed to the Plaintiff.

Respectfully submitted,
**FARRIS BOBANGO BRANAN PLC**


BY: *s/* PATRICK G. WALKER
    RICHARD D. BENNETT, BPR #13156
    PATRICK G. WALKER, BPR #26931
999 S. Shady Grove Road, Suite 500
Memphis, Tennessee 38120
(901) 259-7100
rbennett@farris-law.com
pwalker@farris-law.com

8.

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing pleading has been served upon the following attorney(s) by electronic means via the Electronic Court Filing (ECF) System on this 26th day of August 2011:

TO:    Clinton H. Scott
          Gilbert Russell McWherter, PLC
          101 N. Highland Ave.
          Jackson, TN 38301
          cscott@gilbertfirm.com

          Michael L. Russell
          Gilbert Russell McWherter, PLC
          1616 Westgate Circle, Suite 228
          Brentwood, TN 38027
          mrussell@gilbertfirm.com

                                                  *s/* Patrick G. Walker
                                                  **PATRICK G. WALKER**